## HENRY G. STEWART *v.* WILLIAM BRIGHT.

Trover will lie for a corporate certificate of stock in an incorporated company, if the absolute ownership of the property is in the plaintiff, and he has an unqualified right to the possession of it when demanded of and refused by the defendant. And the measure of the damages for the conversion of it will be the value of the shares of stock represented in it at the time of such demand and refusal.

THIS was an action of trover for the value of a certain certificate of stock in the Delaware State Fire and Marine Insurance Company, which was alleged in the declaration had been lost by the plaintiff and had been found and converted to his own use by the defendant. It was for two hundred shares of stock in the company.

The first witness proved that he resided in Baltimore, was an original stockholder in the company, and that the plaintiff, Henry G. Stewart, was the vice-president of it; that they were

Stewart *v.* Bright.

at the meeting for the reorganization of the company at Wilmington, and the defendant was also there. There was a block of two hundred shares of the company offered for sale at five per cent. on the par value of it, which was twenty-five dollars per share, and the offer was accepted by the plaintiff, but not having the money with him to pay for it, the defendant told him he would lend him the amount and hold the certificate of stock until he had paid for it, which certificate he (the witness) held at the time for another person (naming him) with authority from him to sell it, and it was thereupon arranged and agreed between them that the defendant should draw his check to the order of him (the witness) for the amount, two hundred and fifty dollars, the five per cent. on the two hundred shares of stock, which the defendant did, and gave the check to him (the witness) and on his return with the plaintiff to Baltimore the plaintiff paid him the amount of the check, and he delivered it to him with his indorsement upon the back of it. The sworn statement of the officers of the company made to the Insurance Commissioner of Maryland, in 1877 and 1878, was then put in evidence to prove ·the then value of the stock. The next proof was of the demand of the plaintiff upon the defendant for the certificate of stock in question, and his refusal to deliver it.

For the defendant it was proved that at a previous meeting of the company it was decided to call in all the old stock at five per cent. of its par value, the like amount of new stock to be issued to the holder of the old stock upon the surrender of it and paying to the company fifty per cent. of the par value of it, and that Mr. Durant, the principal witness, who had just been examined for the plaintiff, had been appointed at that meeting an agent of the company to buy up the stock of the company for it, and that the plaintiff had concurred and agreed in the conclusion of the company to buy in all the old stock of it at five per cent. of its par value, and had agreed· to surrender any old stock he might hold or buy, and accept new stock, and pay fifty per cent. additional for it, and further agreed, at the reorganization meeting, when the defendant gave Mr. Durant his check for the two hundred and fifty dollars, that he would execute

23

Stewart v. Bright.

and deliver to the company a mortgage on a farm owned by him in Virginia, to secure the payment of the additional fifty per cent. upon the new stock; but he afterwards wrote to the company that he could not give the mortgage, and never has given it. No new stock had been issued in any case since that agreement was entered into, without the holder's paying, or securing the payment of, the fifty per cent. additional charged for it. That had been concluded and agreed upon by all present at the previous meeting, and among them was the plaintiff. The defendant, Mr. Bright, paid for the stock, and was to hold it until all the old stock should be bought in and the payment of the fifty per cent. additional on it had been paid or secured to be paid to the consolidated company. The new stock was to be distributed on the payment for it of five per cent. in cash and upon fifty per cent. of its par value being paid in good landed securities. '

*The Court*, *Comegys*, C. J., charged the jury that to entitle the plaintiff to recover a verdict in the action for the alleged conversion by the defendant of the certificate of stock mentioned, stated to be a certificate of two hundred shares of stock in the Delaware State Fire and Marine Insurance Company, a corporation of this State, and claimed by him, the plaintiff, to have then been worth twenty-five dollars per share, but for which he paid, according to the undisputed testimony on both sides, two hundred and fifty dollars in the aggregate, it was incumbent upon him to prove to the satisfaction of the jury that the property or ownership of it was in him, and that he had a right to the possession of it at the time of the alleged conversion of it by the defendant, and also that the defendant wrongfully converted it to his own use. In such an action as this the ownership of the goods or property alleged in the plaintiff may be general or special, but the distinction between the two it is not necessary to explain, as the claim here on the part of the plaintiff is the general ownership and of an unqualified right to the possession of it.

The gist of the action of trover is the conversion of the

Stewart *v*. Bright.

property by the defendant to his use, and conversion may be shown by any competent proof of the actual fact of its appropriation by the defendant to his use. And it may be *prima facie* proved by demand made upon the defendant for the property and his refusal to deliver it; but this evidence may be rebutted. And if the jury find in this case, from the evidence before them, that the certificate of stock in question was, by the agreement between the plaintiff and defendant and the others, by which the stock was bought up at five per cent. of its par value, was not to be delivered to the plaintiff until he had paid, or secured to be paid by a mortgage to the company on his farm in Virginia, a further or additional sum equal to fifty per cent. of its par value, which was twenty-five dollars per share, then the plaintiff could have had no right to the possession of the certificate until he had complied with that agreement, and therefore, unless the jury were satisfied that he had complied with it, he could not recover against the defendant.

But, on the contrary, if the jury find, from the evidence, that the absolute right and title to the certificate of two hundred shares of stock in the said company was in the plaintiff, and that the defendant had no right to withhold the possession of it from him, then his refusal to deliver it to him upon his demand was evidence from which they might find a wrongful conversion of the property by the defendant to his own use, and the plaintiff is entitled to recover such an amount of damages as he has sustained by the defendant's act. The measure of such damages will be the value of the two hundred shares of stock in the said company represented in the certificate at the time of its conversion, and that was when the possession of it was demanded by the plaintiff and was refused by the defendant.

The defendant had a verdict.